UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN F. MATTISON, | CASE NO. 1:16-cv-00973-LJO-SKO |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| WILLIAM C. MATTISON; REBECCA D. MATTISON, | |
| | (Docket No. 1) |
| Defendants. | |
| _____/ | **OBJECTIONS DUE: 28 DAYS** |

## I. INTRODUCTION

On July 5, 2016, Plaintiff Robin Mattison ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Defendants William Mattison and Rebecca Mattison ("Defendants"). (Doc. 1.) For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that his mother passed away in April 2011, leaving a will naming Defendant William Mattison as Executor and a life insurance policy worth $5,000 naming Plaintiff as Beneficiary. Defendant William Mattison promised Plaintiff he would send payments totaling the value of the life insurance policy in regular increments, so as to not be

1

appropriated by the prison system. Over the course of four years, Defendant William Mattison paid Plaintiff a total of $923.28, before ceasing communication. Plaintiff alleges Defendant William Mattison has breached his fiduciary duty to Plaintiff in violation of the "express trust" to pay Plaintiff the value of the life insurance policy.

### III.   SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### IV.   DISCUSSION

**A.   Plaintiff Has Not Pled Any Cognizable Federal Claim**

Plaintiff seeks compensation for breach of an oral contract executed between himself and Defendants.

//

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, (*id.*,) and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear her claims.

Liberally construed, Plaintiff's complaint alleges that he was harmed by Defendants' failure to pay him the full value of a life insurance policy. At best, this is a state claim for fraud, breach of contract, and/or breach of fiduciary duty. Because Plaintiff has not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377; *Vacek*, 447 F.3d at 1250; *Cal Diversified*, 505 F.2d at 1380.

**B.     The Court Lacks Diversity Jurisdiction over Plaintiff's State Law Claims**

Subject matter jurisdiction to hear a federal plaintiff's claim must either arise under the Constitution or be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332. Here, there is no federal ingredient to Plaintiff's state claims arising from breach of an oral contract, so this Court must determine whether there is complete diversity between the parties to invoke jurisdiction to hear his claims.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy is between "citizens of a State and citizens or subjects of a foreign state" *and* exceeds $75,000. "Subject matter jurisdiction based upon

diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010). Here, Plaintiff alleges that he is a citizen of Kings County, California, and that both Defendants are citizens of Maricopa County, Arizona, establishing diversity of the parties. However, the amount in controversy is $4,076.72, far short of the required $75,000 threshold to establish diversity jurisdiction over Plaintiff's state law claim(s). (Doc. 1, pp. 3-5.)

Because there is no subject matter jurisdiction over these claims, this Court must also dismiss Plaintiff's state law claim(s) for legal for lack of jurisdiction, with prejudice. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

**B.      Amendment Would Be Futile**

The complaint has not set forth any cognizable federal claim, and the amount in controversy is far short of the threshold necessary to establish diversity jurisdiction over Plaintiff's state law claim(s). Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint should be dismissed. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Moreover, amendment would be futile because there is no set of facts Plaintiff could allege in an amended complaint to establish diversity jurisdiction over his claims. Accordingly, the action should be dismissed with prejudice and without leave to amend.

**V. CONCLUSION AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-eight (28) days** of service of this recommendation, any party may file written objections to

these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 19, 2016**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE